UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------

BEVERLY DOUGLIN, PATRICIA
MCALMONT, and NORVA LEWIS,

               Plaintiffs,

    - against -

GREATBANC TRUST COMPANY, INC.,

             Defendant.

REPORT & RECOMMENDATION

14cv00620 (RA)(MHD)

TO THE HONORABLE RONNIE ABRAMS, U.S.D.J.:

     This putative class action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., and is brought by plaintiffs who are home health aides employed by People Care Holdings, Inc. ("People Care") against the trustee of their Employee Stock Ownership Plan ("the "ESOP"). Plaintiffs allege that defendant GreatBanc Trust Company, Inc. ("GreatBanc") breached its fiduciary duty under ERISA and engaged in transactions forbidden by ERISA when it purchased, on behalf of the ESOP, 100 percent of People Care from the company's owners in 2008, causing plaintiffs financial losses when the company's value diminished significantly thereafter from the purchase price of $80 million. (First Am. Compl. ¶¶ 1-3; Plaintiff's Memorandum in Support of Motion ("Mem.") 3-6).

1

Plaintiffs seek a declaration that defendant breached its fiduciary duties and knowingly participated in breaches of fiduciary duty, as well as a declaration that any indemnification agreement between defendant and People Care or the ESOP violates ERISA and is null and void. (First Am. Compl. 26-28). They further seek injunctive relief to prevent future violations by defendant of its fiduciary responsibilities and to remove defendant as Trustee of the ESOP. (Id.). Additionally, plaintiffs seek restoration of losses arising from the breach, and the return of profits that defendant made through use of the ESOP assets, as well as other relief, such as surcharge, an accounting for profits, disgorgement of fees that defendant received in conjunction with the February 2008 transaction, the imposition of a constructive trust or equitable lien on any funds wrongfully held by defendant, attorney's fees and costs, and prejudgment interest. (Id.).

On February 13, 2015, plaintiffs filed their motion for class certification (Doc. 37-41), which defendant does not oppose. (Letter from Marsha J. Indych on behalf of GreatBanc Trust Company, Inc., Doc. 50, March 6, 2015). Plaintiffs seek certification of a class consisting of all persons who were participants in the People Care ESOP on February 1, 2008 or at any time thereafter. (Mem. 2). They exclude from the class the selling shareholders, officers and

2

directors of defendant, and all of their legal representatives, successors, and assigns. (Id. at 2-3). Plaintiffs also seek appointment of their counsel[1] as class counsel. For the reasons provided below, we recommend that plaintiffs' motion be granted.

## DISCUSSION

Even when unopposed, a motion for class certification must be evaluated on its merits. Fed. R. Civ. P. 23(c)(1)(A)-(B). See In re Longtop Financial Technologies Limited Securities Litigation, 2013 WL 3486990, *1 (S.D.N.Y. July 11, 2013); Assif v. Titleserve, Inc., 288 F.R.D. 18, 21 (E.D.N.Y 2012). This requires our assessment, through "rigorous analysis," of whether the requirements of Rules 23(a) and 23(b) have been met. Miles v. Merrill Lynch & Co. (In re Initial Pub. Offering Sec. Litig.), 471 F.3d 24, 33 (2d Cir. 2006). "The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met." Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010).

---

[1] Counsel consists of the law firms Outten & Golden, LLP, Levy Ratner, P.C., and Lewis, Feinberg, Lee, Renaker & Jackson, P.C.. Attorneys from Lewis, Feinberg appear pro hac vice.

We first scrutinize the putative class to ensure that it satisfies the prerequisites of numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P. 23(a). If the requirements of Rule 23(a) are met, we then determine whether the proposed class fits within one of the three types of class actions defined by Rule 23(b). In this case, plaintiffs assert that their class may be properly certified under any of the three categories described in Rule 23(b), but suggest certification under either 23(b)(1) or 23(b)(2). (Mem. 13). We address the Rule 23 requirements in order and conclude that certification of a Rule 23(b)(1) class is warranted.

### A. Rule 23(a) Requirements

Plaintiffs assert, and we agree, that they form an ascertainable class, defined by their participant/beneficiary status and stock allocations through the ESOP records. (Mem. 8). See Betances v. Fischer, 304 F.R.D. 416, 426 (S.D.N.Y. 2015)(citing cases). They also demonstrate that they meet the prerequisites found in 23(a).

4

### 1. "The Class is so numerous that joinder of all members is impracticable." Rule 23(a)(1).

Plaintiffs represent that their proposed class encompasses more than 5,000 ESOP participants, as of December 31, 2013, and that this is a sufficiently large class to meet the numerosity requirement of Rule 23(a). (Mem. 9; Feinberg Decl. Ex. 1 page 2, item 6f)). Determining numerosity is not an exact science, but we recognize "a presumption that joinder is impracticable" when the class exceeds 40 members. Salim Shahriar v. Smith & Wollensky Rest. Group, Inc., 659 F.3d 234, 252 (2d Cir. N.Y. 2011)(citing Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995)). Certainly the asserted group of 5,000 employee participants satisfies numerosity.

### 2. "There are questions of law or fact common to the class." Rule 23(a)(2).

As recently noted by the Supreme Court, "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011); Sykes v. Mel S. Harris & Associates LLC, 780 F.3d 70, 80 (2d Cir. 2015). In some cases, "'the commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and

whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.'" Id. (quoting Wal-Mart Stores, Inc., 131 S. Ct. at 2551 n.5).

Plaintiffs' allegations in this case arise from one common set of operative facts, involving defendant's purchase in 2008, on behalf of the ESOP, of the entirety of the stock in People Care. (Mem. 10). Common factual and legal issues include (1) whether defendant agreed, on behalf of the ESOP, to pay more than adequate consideration for the stock purchased; (2) whether, in doing so, defendant breached its duties of prudence and loyalty under ERISA; and (3) the extent and nature of appropriate relief if plaintiffs prevail. (Id.).

"'In general, the question of defendants' liability for ERISA violations is common to all class members because a breach of a fiduciary duty affects all participants and beneficiaries.'" In re Marsh ERISA Litig., 265 F.R.D. 128, 143 (S.D.N.Y. 2010)(quoting Banyai v. Mazur, 205 F.R.D. 160, 163 (S.D.N.Y.2002)). That is plainly the case here. Accord In re Polaroid Erisa Litig., 240 F.R.D. 65, 74 (S.D.N.Y. 2006). In sum, plaintiffs' claims present issues of fact and law common to all members of the class.

6

### 3. "The claims or defenses of the representative parties are typical of the claims . . . of the class." Rule 23(a)(3).

The basis for the named plaintiffs' claims is their participation in the ESOP; therefore, plaintiffs argue, their claims arise from the same course of conduct that gives rise to the claims of the other class members. (Mem. 12). "Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" <u>Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.</u>, 504 F.3d 229, 245 (2d Cir. 2007)(quoting <u>Robinson v. Metro-N. Commuter R.R. Co.</u>, 267 F.3d 147, 155 (2d Cir. 2001)). The requirement of typicality is plainly satisfied here, since the plaintiffs' claims are identical to those of each proposed class member.

### 4. "The representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4).

Rule 23(a)(4) requires a two-part inquiry to ensure that the class counsel is "qualified, experienced and generally able to conduct the litigation," and that the class members do "not have interests that are antagonistic to one another" -- that is, that

the members' interests are compatible. In re Drexel Burnham Lambert Grp., Inc., 960 F.2d 285, 291 (2d Cir. 1992)(internal quotations omitted). See, e.g., Sykes, 780 F.3d at 90; Wolfert ex rel. Estate of Wolfert v. Transamerica Home First, Inc., 439 F.3d 165, 173 (2d Cir. 2006); Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 60 (2d Cir. 2000). Plaintiffs satisfy this requirement.

First, plaintiffs' unopposed motion includes ample documentation of their attorneys' experience and success in comparable ERISA litigation. (See Declarations of Daniel Feinberg, Esq. (Doc. 39), Paul Mollica, Esq. (Doc. 40), and Richard A. Levy, Esq. (Doc. 41) in Support of Plaintiffs' Motion). Second, the named plaintiffs provide declarations establishing the alignment of their interests with the class members. (Feinberg Decl. Exs. 8-10). Absent any challenge to these proffers by defendant, we find that plaintiffs satisfy the adequacy requirement of Rule 23(a).

**B. Rule 23(b) Determinations**

Having found that plaintiffs' class satisfies the Rule 23(a) prerequisites for certification, we turn to plaintiffs' arguments regarding which type of class we should certify. Plaintiffs ask us to certify their class under Rule 23(b)(1) or 23(b)(2) because of the superior res judicata effect for the class, compared to

8

certification under Rule 23(b)(3). (Mem. 13)(citing <u>Cnty. of Suffolk v. Long Island Lighting Co.</u>, 710 F. Supp. 1407, 1418 (E.D.N.Y. 1989), <u>aff'd</u>, 907 F.2d 1295 (2d Cir. 1990)). <u>See also Ortiz v. Fibreboard Corp.</u>, 527 U.S. 815, 834 n.13 (1999)(explaining that class actions brought under subdivision b(1) are referred to as "mandatory" and do not provide absent members with notice or the right of exclusion).

Rule 23(b) defines the types of class that may be certified as follows:

> (1) prosecuting separate actions by or against individual class members would create a risk of:
>
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>           * * *
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>           * * *
> (3) the court finds that the questions of law or fact common to class members predominate over any

questions affecting only individual members, and
that a class action is superior to other available
methods for fairly and efficiently adjudicating the
controversy. The matters pertinent to these findings
include:

(A) the class members' interests in individually
controlling the prosecution or defense of separate
actions;
(B) the extent and nature of any litigation
concerning the controversy already begun by or
against class members;
(C) the desirability or undesirability of
concentrating the litigation of the claims in the
particular forum; and
(D) the likely difficulties in managing a class
action.

Fed. R. Civ. P. 23(b). For the reasons that follow, we find that

plaintiffs' class is appropriately certified under Rule 23(b)(1).

### 1. Certification Under Rule 23(b)(1)

Both subdivisions A and B of Rule 23(b)(1) apply to an ERISA

action such as this. The focus of A on avoiding "inconsistent

adjudications" establishing "incompatible standards of conduct"

for the party opposing the class applies here "because the

defendants have a statutory obligation, as well as a fiduciary

responsibility, to treat the members of the class alike." In re

Citigroup Pension Plan Erisa Litig., 241 F.R.D. 172, 179 (S.D.N.Y.

2006)(citing Amchem Prods, Inc. v. Windsor, 521 U.S. 591, 614

(1997)). As for Rule 23(b)(1)(B), it is applicable in "an action

which charges a breach of trust by a[] . . . trustee or other fiduciary similarly affecting the members of a large class of security holders or their beneficiaries, and which requires an accounting or like measures to restore the subject of the trust," which is the type of action asserted here. Fed. R. Civ. P. 23, Notes of Advisory Cmte., 1966 Amend. Moreover, the structure of ERISA favors the principles enumerated under Rule 23(b)(1)(B), since the statute creates a "shared" set of rights among the plan participants by imposing duties on the fiduciaries relative to the plan, and it even structures relief in terms of the plan and its accounts, rather than directly for the individual participants. See, e.g., Ortiz, 527 U.S. at 834.

The Supreme Court has observed that actions for breach of fiduciary duties are "classic examples" of Rule 23(b)(1) cases, id. at 833-34, and courts in this Circuit have indeed determined that claims for breach of fiduciary duty brought under ERISA, 29 U.S.C. §§ 1132(a)(2) -- as plaintiffs do in this action -- are well suited to Rule 23(b)(1). See, e.g., In re Polaroid Erisa Litig., 240 F.R.D. at 77-78; Thompson v. Linvatec Corp., 2007 WL 1526418, *8 (N.D.N.Y. May 22, 2007). "ERISA litigation of this nature presents a paradigmatic example of a [Rule 23](b)(1) class." In re Polaroid Erisa Litig., 240 F.R.D. at 77-78 (quoting Kolar v.

11

Rite Aid Corp._, 2003 WL 1257272, *3 (E.D. Pa. Mar.11, 2003));
accord In re Marsh Erisa Litig._, 265 F.R.D. at 144 (where "any one
participant's claim would, as a practical matter, be dispositive
of the interests of fellow [ERISA] Plan members . . . and the
relief granted by the Court to remedy a breach of fiduciary duty
would inure to the benefit of the plan as a whole, not to the
individual plaintiff," Rule 23(b)(1) certification is
appropriate).

Therefore, we find that certification under Rule 23(b)(1) is
plainly warranted here.

### 2. Certification under Rule 23(b)(2)

Plaintiffs seek, as an alternative to Rule 23(b)(1)
certification, an order certifying a class under Rule 23(b)(2).
Classes certified under Rules 23(b)(1) and 23(b)(2) "share the
most traditional justifications for class treatment" and are
mandatory classes, Wal-Mart Stores, Inc._, 131 S. Ct. at 2558,
reflecting "the conclusion of those who drafted the Rules that
individual choice should be subordinated to the interests of the
class as a whole." Van Gemert v. Boeing Co._, 590 F.2d 433, 439
n.14 (2d Cir. 1978), aff'd, 444 U.S. 472 (1980). It is possible to
certify a class under both rules. See Ingles v. City of New York,

12

2003 WL 40256, *7-8 (S.D.N.Y. Feb. 20, 2003); but see In re AOL
Time Warner ERISA Litig., 2006 WL 2789862, *3 n.4 (S.D.N.Y. Sept.
27, 2006).[2]  Therefore, we assess this aspect of plaintiffs'
application and conclude that certification under Rule 23(b)(2) is
also permissible.

Such certification is authorized if Rule 23(a) is satisfied
-- as we have determined to be the case here -- and the court finds
that the defendant "has acted or refused to act on grounds that
apply generally to the class, so that final injunctive relief or
corresponding declaratory relief is appropriate respecting the
class as a whole." Fed. R. Civ. P. 23(b)(2).[3]

---

[2] Classes certified under either 23(b)(1) or 23(b)(2) would not also be
suitable for certification under 23(b)(3), as that would defeat the very
objectives intended to be achieved by Rule 23(b)(1) and (2) -- protecting the
judicial system and the parties from inconsistent rulings when all plaintiffs
are entitled to the same primarily injunctive and declaratory relief -- whereas
Rule 23(b)(3) was "framed for situations 'in which "class-action treatment is
not as clearly called for."'" Wal-Mart Stores, Inc., 131 S. Ct. at 2558 (quoting
Amchem, 521 U.S. at 615). See also Healthcare Strategies, Inc. v. ING Life Ins.
& Annuity Co., 2012 WL 10242276, *11 (D. Conn. Sept. 27, 2012); Petrolito v.
Arrow Fin. Servs., LLC, 221 F.R.D. 303, 311-12 (D. Conn. 2004); Newberg on Class
Actions § 22:52 n.7 (4th ed.); Van Gemert v. Boeing Co., 259 F. Supp. 125, 130-
31 (S.D.N.Y. 1966)("[V]irtually every class action that meets the requirements
of 23(b)(1) or 23(b)(2) will also meet the less severe requirements of 23(b)(3).
However, where the stricter requirements of 23(b)(1) and 23(b)(2) are squarely
presented by the plaintiffs' claims Rule 23(b)(3) is not applicable. The
Advisory Committee recognized that Rule 23(b)(3) is designed for situations
where class action treatment is not so clearly called for as in subdivisions
(b)(1) and (b)(2) of Rule 23.")
[3] The Second Circuit has held, in limited circumstances, that Rule 23(b)(2)
certification may be denied if it is deemed unnecessary to protect the class.
See Galvan v. Levine, 490 F.2d 1255, 1261 (2d Cir. 1979). Accord Davis v. Smith,
607 F.2d 535, 540 (2d Cir. 1978)(in specified circumstances, "a district court

As with the other forms of class certification, plaintiffs bear the burden of demonstrating satisfaction of the Rule 23(b)(2) criteria. See, e.g., Amara v. CIGNA Corp., 775 F.3d 510, 519 (2d Cir. 2014)(quoting Myers v. Hertz Corp., 624 F.3d 537, 547 (2d Cir. 2010)). In this respect we note that (b)(2) certification must be premised on a demonstration that the requested injunctive or declaratory relief would apply to all class members. E.g., Wal-Mart Stores, Inc., 131 S.Ct. at 2558; Amara, 775 F.3d at 520-22. Moreover, contrary to the earlier rulings of some courts, e.g., Thompson, 2007 WL 1526418 at *9, the Supreme Court held in 2011 that equitable remedies that do not constitute either injunctive or declaratory relief do not justify this form of class certification. See Wal-Mart Stores, Inc., 131 S.Ct. at 2561.[4]

---

may decline certification."). Galvan has been applied in suits against government agencies when the defendant has acknowledged that injunctive relief in favor of the named plaintiffs would effectively yield relief for all potential class members. See, e.g., Casale v. Kelly, 257 F.R.D. 396, 406 (S.D.N.Y. 2009)(quoting Berger v. Heckler, 771 F.2d 1556, 1566 (2d Cir. 1985))(citing Galvan, 490 F.2d at 1261 (affirming denial of certification of a 23(b)(2) class after the government "withdrew the challenged policy" and "stated it did not intend to reinstate the policy")); 2 Newberg on Class Actions § 4:35 (5th Ed.). But this notion would not apply here, and in any event the courts -- including those within this Circuit -- have not recognized a general necessity requirement in Rule 23(b)(2). See id. (citing cases); see also, e.g., Laumann v. Nat'l Hockey League, 2015 WL 2330107, *18 n.113 (S.D.N.Y. May 14, 2015); Ackerman v. Coca-Cola Co., 2013 WL 7044866, *16-17 (E.D.N.Y. July 18, 2013)(in recommending Rule 23(b)(2) certification in suit seeking change to the labeling of vitamin water, court does not suggest that injunction for named plaintiff would be ineffective to protect the consumer public). In any case, as noted, the Galvan rule appears to be discretionary. See Davis, 607 F.2d at 540.

[4] In view of this limitation, we need not assess whether an order requiring defendant to disgorge fees that it received in connection with the challenged stock purchase or to reimburse the ESOP for its lost value may constitute

In this case plaintiffs seek a declaratory judgment to the effect that defendant breached its fiduciary obligations to the ESOP and to its participants and beneficiaries. (Am. Compl. 26-28). They also ask for an injunction that would, in substance, prohibit defendant from engaging in similar conduct in the future. (Id.). These forms of requested relief, to which plaintiffs might well be entitled if they demonstrate a breach of duty by defendant, are sufficient on their face to permit certification under Rule 23(b)(2). See, e.g., Amara, 775 F.3d at 519; Sykes, 780 F.3d at 97; 2 Newberg on Class Actions §§ 4.26, 4.39.

In concluding that (b)(2) certification is available, we note a possible argument to the contrary. There is a line of cases, alluded to in the Wal-Mart Stores, Inc. decision, to the effect that if plaintiffs are seeking monetary relief as well as an injunction or declaratory judgment, Rule 23(b)(2) certification is unavailable unless the monetary relief is "incidental" to the injunction or declaratory relief that the plaintiffs seek. See, e.g., Amara, 775 F.3d at 519 (citing Allison v. Citgo Pet. Corp., 151 F.3d 402, 415 (5th Cir. 1998); Johnson v. Meriter Health Servs. Emp. Retirement Plan, 702 F.3d 364, 371 (7th Cir. 2012)). In this

---

equitable restitution, and in that respect separately justify invocation of Rule 23(b)(2). See generally, Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213-14 (2002).

case an opponent of such certification might argue that the heart of plaintiffs' claims for relief is the pursuit of monetary compensation for the ESOP and that plaintiffs' requested injunctive and declaratory relief as a predicate to a financial award amount to no more than incidental remedies.

The short answer to this contention is that the cited caselaw was addressing requests for relief that involved individualized claims for pecuniary compensation. Wal-Mart Stores, Inc., 131 S. Ct. at 2557. As explained by the Second Circuit, "[t]his holding rests on the due process concerns expressed [in Wal-Mart] with respect to adjudicating individualized claims for monetary relief; members of a Rule 23(b)(b) class are not entitled to the notice and opt-out protections that are afforded members of a class certified under Rule 23(b)(3)." Nationwide Life Insurance Company v. Haddock, 460 Fed. App'x 26, 28-29 (2d Cir. Feb. 6, 2012). More generally, the significance of the noted distinction is that class certification under all three variants is premised on the assumption that the class vehicle is to be made available only when the issues that the case presents for resolution involve a sufficiently substantial commonality to justify that unique form of litigation. 2 Newberg on Class Actions §§ 4.26, 4.39; Wal-Mart Stores, Inc., 131 S. Ct. at 2550; Robinson, 267 F.3d at 162 ("The

16

(b)(2) class action is intended for cases where broad, class-wide injunctive or declaratory relief is necessary to redress a group-wide injury.").

In this case, however, the monetary aspect of the case does not involve any claims for relief unique to any class member. All that plaintiffs seek is that the defendant compensate the ESOP for its injury, even though the ultimate derivative injury to the class members may vary among them. Since no calculation of separate losses to any class members is sought or required, certification may be ordered under Rule 23(b)(2) based on the apparent availability of injunctive and declaratory relief to the plaintiffs. See, e.g., Sykes, 780 F.2d at 97-98(upholding Rule 23(b)(2) certification based in major part on proposed injunction against future violations); Amara, 775 F.3d at 523-24; Laumann, 2015 WL 2330107 at *9-18.

In short, certification under Rule 23(b)(2) is permissible in this case.

### 3. Certification under Rule 23(b)(3).

"[W]hen a class action may be certified under either [Rule 23] (b)(1) or (b)(3), the former should be chosen when to do so

17

will avoid the inconsistent adjudication or compromise of class interests that might otherwise occur [under Rule 23(b)(3)]." Robertson v. Nat'l Basketball Ass'n, 556 F.2d 682, 685 (2d Cir. 1977). See also note 2, supra. Since we have determined that class certification is appropriate under Rule 23(b)(1), it is unnecessary for us to address the factors required for certification under 23(b)(3).

## C. Appointment of Class Counsel

Appointment of class counsel is governed by Rule 23(g), which requires us to consider the work that these proposed attorneys have conducted in investigating plaintiffs' claims, their experience in comparable class-action litigation, their knowledge of the law, and the resources that they will commit to this representation. Fed. R. Civ. P. 23(g)(1)(A). See, e.g., Gatto v. Sentry Servs., Inc., 2014 WL 7338721, *3 (S.D.N.Y. Dec. 19, 2014); Laurent v. PricewaterhouseCoopers, LLP, 2014 WL 2893303, *5 (S.D.N.Y. June 26, 2014); Damassia v. Duane Reade, Inc., 250 F.R.D. 152, 165 (S.D.N.Y.2008);

Plaintiffs' attorneys have submitted ample documentation of their capacity "to fairly and adequately represent the interests of the class," Fed. R. Civ. P. 23(g)(1)(B). They demonstrate that

18

they have competently litigated numerous class-action lawsuits, including comparable ERISA actions, and bring sufficient resources to this matter. (<u>See</u> Declarations of Daniel Feinberg, Esq. (Doc. 39), Paul Mollica, Esq. (Doc. 40), and Richard A. Levy, Esq. (Doc. 41) in Support of Plaintiffs' Motion). Moreover, we observe that their briefing on this motion further demonstrates their competence in class-action litigation. In short, we recommend that plaintiffs' counsel be appointed class counsel.

<u>**CONCLUSION**</u>

For the reasons discussed we recommend that plaintiffs' motion for class certification be granted under Rule 23(b)(1) on behalf of all persons who were participants in the People Care ESOP on February 1, 2008 or at any point thereafter, excluding the selling shareholders, officers and directors of defendant, and all of their legal representatives, successors, and assigns. We further recommend that counsel appearing on behalf of the named plaintiffs in this case be named class counsel.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such

objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable Ronnie Abrams, 40 Foley Square, Suite 2203, and to the chambers of the undersigned, 500 Pearl Street, Room 1670, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Abrams. Failure to file timely objections may constitute a waiver of those objections both in the District court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 470 U.S. 140, 150 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated:    New York, New York
          May 21, 2015

                              Respectfully submitted.


                              _____
                              MICHAEL H. DOLINGER
                              UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been sent today to:

Catha Worthman, Esq.
Daniel Mark Feinberg, Esq.
Fax: 212-267-4262

Dana Elizabeth Lossia, Esq.
Richard Alan Levy, Esq.
Vanessa Flores, Esq.
Fax: 212-627-8182

Michael Joseph Scimone, Esq.
Fax: 646-825-9806

Paul W. Mollica, Esq.
Fax: 312-809-7011

Theodore M. Becker, Esq.
Julie A. Govreau, Esq.
Fax: 312-569-3000

Marsha Jessica Indych, Esq.
Fax: 212-248-3141

Jeffrey A. Udell, Esq.
212-451-2222